# CIRCUIT COURT OF BALTIMORE CITY

Filed June 19, 1893.

## SAFE DEPOSIT COMPANY, ETC.,

## VS.

## MARY MORRIS ET. AL.

*Charles Marshall* for plaintiff.

*Reverdy Johnson, C. G. Kerr, C. J. M. Gwinn* and *Thomas Hughes* for defendants.

DENNIS, J.—

Upon the several questions formulated in the bill as to the proper construction of the will of Mr. Johnson, I am of opinion as follows:

1st. That the said Reverdy Johnson did not die intestate as to any portion of his real or personal estate.

2nd. That Mary Morris, Eliza Daingerfield, Camilla Simpson, Matilda E. Gwinn, Emily Lewis and Ella Kerr have a fee simple estate, as tenants in common, in those parts of the farm referred to as "Lyndhurst" in the last will and testament of the said Reverdy Johnson, now held by them; and that the interests of said respective parties are not affected by any trust created under the will of the said Reverdy Johnson.

3rd. That the entire interest or estate in the net proceeds of the money paid by the Mayor and City Council of Baltimore to the plaintiff as trustee under the will of the said Reverdy Johnson for the property at the corner of North Calvert street, or Monument square, and Fayette street, is vested in the said Mary ·Morris, Eliza Daingerfield, Camilla Simpson, Matilda E. Gwinn, Emily Lewis and Ella Kerr, respectively, in equal parts; subject, however, to the provisions of the 6th and 9th clauses of said will, as follows:

4th. It is the duty of the plaintiff to invest, in the manner provided in the sixth clause of the will of the said Reverdy Johnson, out of the said proceeds, the sums of money directed to be held in trust for Mary Johnson and Matilda Johnson, children of the said Louis E. Johnson, under said sixth clause.

5th. It is the duty of the complainant also to invest, out of the said proceeds, the sum of eight thousand dollars, and to pay over the interest which may from time to time accrue on such investment to Louis E. Johnson during his natural life, as provided for in the ninth clause, without prejudice as to the question of the ownership of said fund after the death of the said Louis E. Johnson.

6th. That the plaintiff, in exercising its powers as trustee under the sixth clause ·of said last will and testament, is authorized to invest the sum therein referred to in railway bonds, secured by mortgage, or in municipal bonds or State bonds other than the obligations of the City of Baltimore and State of Maryland, subject to the ratification of the Court.

7th. That the plaintiff, as trustee, as aforesaid, is authorized, in the exercise of a prudent discretion, and under the direction of this Court, under the ninth clause of said last will and

testament, to invest the eight thousand dollars in said clause referred to in other securities than State of Maryland or City of Baltimore stock, when such securities are equally safe and would yield a larger income.